B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Sherrod, Clayton C | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-9929 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>2804 Enoch Ave.<br>Zion, IL          ZIP Code 60099 | Street Address of Joint Debtor (No. and Street, City, and State):          ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):          ZIP Code | Mailing Address of Joint Debtor (if different from street address):          ZIP Code |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

| **Type of Debtor**<br>(Form of Organization) (Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7          ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9               of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12          ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13               of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,          ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as               business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(12/11)          Page 2

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | Sherrod, Clayton C |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  - None - | Case Number: | Date Filed: |
| --- | --- | --- |
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
| --- | --- | --- |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b></td><td><b>Exhibit B</b></td></tr>
<tr>
<td>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X   /s/ Jason Blust, Legal Helpers       July 31, 2012<br>Signature of Attorney for Debtor(s)      (Date)<br>Jason Blust, Legal Helpers #6276382</td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)                                                                                    Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| --- |
| Sherrod, Clayton C |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Clayton C Sherrod
Signature of Debtor  Clayton C Sherrod

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

July 31, 2012
Date

#### Signature of Attorney*

**X** /s/ Jason Blust, Legal Helpers
Signature of Attorney for Debtor(s)

Jason Blust, Legal Helpers #6276382
Printed Name of Attorney for Debtor(s)

Macey Bankruptcy Law, P.C.
Firm Name

Sears Tower
233 S. Wacker Suite 5150
Chicago, IL 60606

Address

(312) 467-0004  Fax: (312) 467-1832
Telephone Number

July 31, 2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Clayton C Sherrod _____    Case No. _____
                                      Debtor(s)          Chapter    7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Clayton C Sherrod
                        Clayton C Sherrod

Date:    July 31, 2012

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
### Northern District of Illinois

In re    Clayton C Sherrod                     ,    Case No. _____

                      Debtor

Chapter _____ 7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 26,864.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 36,462.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,191.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,180.00 |
| Total Number of Sheets of ALL Schedules | | 21 | | | |
| Total Assets | | | 26,864.00 | | |
| Total Liabilities | | | | 36,462.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   Clayton C Sherrod

,

Debtor

Case No. _____

Chapter_____7_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,191.00 |
| Average Expenses (from Schedule J, Line 18) | 2,180.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,093.25 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 36,462.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 36,462.00 |

B6A (Official Form 6A) (12/07)

In re   Clayton C Sherrod                                          ,          Case No. _____
_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | 0.00 | (Total of this page) |
| | Total > | 0.00 | |

_0_  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    Clayton C Sherrod                                                                    ,    Case No. _____
                                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | X | | | |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account with First Midwest | - | 0.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous used household goods | - | 1,000.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous books, tapes, CD's, etc. | - | 50.00 |
| 6.   Wearing apparel. | | Personal used clothing | - | 300.00 |
| 7.   Furs and jewelry. | | Miscellaneous costume jewelry | - | 50.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Employer - Term Life Insurance - no cash surrender value | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >                1,400.00
(Total of this page)

  2   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Clayton C Sherrod                                               ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401(A) | - | 23,221.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | 2011 Tax Refund of $8795 has been recieved and spent on living expenses. | - | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >         23,221.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Clayton C Sherrod                                    ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1996 Chevy Tahoe with 170,000 miles. | - | 2,243.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >        2,243.00
(Total of this page)
Total >        26,864.00

Sheet   2   of   2   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re     Clayton C Sherrod                                          ,          Case No. _____
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings**<br>Miscellaneous used household goods | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles**<br>Miscellaneous books, tapes, CD's, etc. | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| **Wearing Apparel**<br>Personal used clothing | 735 ILCS 5/12-1001(a) | 300.00 | 300.00 |
| **Furs and Jewelry**<br>Miscellaneous costume jewelry | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| **Interests in Insurance Policies**<br>Employer - Term Life Insurance - no cash surrender value | 215 ILCS 5/238 | 0.00 | 0.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans**<br>401(A) | 735 ILCS 5/12-1006 | 100% | 23,221.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>1996 Chevy Tahoe with 170,000 miles. | 735 ILCS 5/12-1001(c) | 2,400.00 | 2,243.00 |

|  | Total: | 27,021.00 | 26,864.00 |
|---|---|---|---|

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    Clayton C Sherrod _____,    Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| ___0___ continuation sheets attached | | | Subtotal (Total of this page) | | | | | |
| | | | Total (Report on Summary of Schedules) | | | | 0.00 | 0.00 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

.

In re    Clayton C Sherrod                             ,      Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___0___ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re     Clayton C Sherrod                                                                    ,     Case No. _____
                                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxx9548<br><br>Aaron Sales & Lease Ow<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | - | | | | Opened  2/01/09  Last Active 9/14/09<br>Lease | | | | 1,388.00 |
| Account No. xxxx7028<br><br>American Honda Finance<br>Po Box 168088<br>Irving, TX 75016 | | | | | Opened  1/01/07  Last Active 7/20/07<br>Automobile | | | | 0.00 |
| Account No. xxxx0303<br><br>Amo Recoveries<br>Po Box 926100<br>Norcross, GA 30010 | - | | | | Opened  8/01/11<br>CollectionAttorney Us Cellular-M06 | | | | 605.00 |
| Account No. xxxxxx0100<br><br>Baxter Ecu/BCU<br>Attention: Collections<br>Po Box 1833<br>Vernon Hills, IL 60061 | - | | | | Opened  6/18/07  Last Active 11/03/11<br>Automobile | | | | 14,070.00 |

| | | |
|---|---|---|
| __8__   continuation sheets attached | Subtotal<br>(Total of this page) | 16,063.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                              ,    Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxxxx1804 | | | | Opened  7/01/07  Last Active  5/31/09 CreditCard | | | | |
| Baxter Emply Cr Union 340 N Milwaukee Av Vernon Hills, IL 60061 | - | | | | | | | 3,065.00 |
| Account No. xxx8830 | | | | Opened  7/01/11 CollectionAttorney Vista Health System East | | | | |
| Capio Partners Llc 2222 Texoma Pkwy Ste 150 Sherman, TX 75090 | - | | | | | | | 424.00 |
| Account No. xxxxxxxxxxxxxxxxxxxx0219 | | | | Opened  2/19/10  Last Active 10/12/10 Educational | | | | |
| Chela/Sallie Mae Attn: Claims Department Po Box 9500 Wilkes-Barre, PA 18773 | - | | | | | | | 0.00 |
| Account No. xxxxxxxxxxxxxxxxxxxx0119 | | | | Opened  1/19/10  Last Active 10/12/10 Educational | | | | |
| Chela/Sallie Mae Attn: Claims Department Po Box 9500 Wilkes-Barre, PA 18773 | - | | | | | | | 0.00 |
| Account No. xxxxxxxxxxxxxxxxxxxx0219 | | | | Opened  2/19/10  Last Active 10/12/10 Educational | | | | |
| Chela/Sallie Mae Attn: Claims Department Po Box 9500 Wilkes-Barre, PA 18773 | - | | | | | | | 0.00 |

Sheet no. _1_ of _8_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                                  3,489.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                         ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxxxxxxxx0119<br><br>Chela/Sallie Mae<br>Attn: Claims Department<br>Po Box 9500<br>Wilkes-Barre, PA 18773 | - | | Opened 1/19/10 Last Active 10/12/10<br>Educational | | | | 0.00 |
| Account No. xxx-xx-9929<br><br>City of Kenosha<br>652 52nd St.<br>Kenosha, WI 53140 | - | | 10<br>Tickets | | | | 700.00 |
| Account No. xxx-xx-9929<br><br>City of Zion<br>2828 Sheridan Rd.<br>Zion, IL 60099 | - | | 10<br>Tickets | | | | 2,000.00 |
| Account No. xxx-xx-9929<br><br>ComEd<br>Bill Payment Center<br>Chicago, IL 60668 | - | | 12<br>Utility | | | | 787.00 |
| Account No. xxxxxx1702<br><br>Crd Prt Asso<br>Attn: Bankruptcy<br>Po Box 802068<br>Dallas, TX 75380 | - | | 11 Comcast | | | | 245.00 |

Sheet no. __2__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,732.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                    ,        Case No. _____
_____
                                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxx0115 <br><br> Crd Prt Asso <br> Attn: Bankruptcy <br> Po Box 802068 <br> Dallas, TX 75380 | | - | | Opened  5/01/06 <br> CollectionAttorney Comcast | | | | 0.00 |
| Account No. xxxxxx0115 <br><br> Crd Prt Asso <br> Attn: Bankruptcy <br> Po Box 802068 <br> Dallas, TX 75380 | | - | | Opened  5/01/06 <br> CollectionAttorney Comcast | | | | 0.00 |
| Account No. xxxx8608 <br><br> Credit Management Lp <br> 4200 International Pkwy <br> Carrollton, TX 75007 | | | | Opened 10/01/09 <br> CollectionAttorney Comcast Chicago Seconds - 1000 | | | | 245.00 |
| Account No. xxxxxxxx7497 <br><br> Dependon Collection Se <br> Attn: Bankruptcy <br> Po Box 4833 <br> Oak Brook, IL 60523 | | | | Opened  7/01/09 <br> CollectionAttorney North Chicago Fire Department | | | | 515.00 |
| Account No. xxxxxxxxxxxxxxxxxx0119 <br><br> Dept Of Ed/sallie Mae <br> Po Box 9635 <br> Wilkes Barre, PA 18773 | | - | | Opened  1/01/10  Last Active 11/30/11 <br> Educational | | | | 361.00 |

Sheet no. _3___ of _8___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,121.00

B6F (Official Form 6F) (12/07) - Cont.

In re      Clayton C Sherrod                                              ,      Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxxxxxxxx0219  Dept Of Ed/sallie Mae Po Box 9635 Wilkes Barre, PA 18773 | - | | Opened  2/01/10  Last Active 11/30/11 Educational | | | | 1,167.00 |
| Account No. xxx-xx-9929  Edward Grossos 1919 Joppa Zion, IL 60099 | - | | 10 Lease | | | | 2,000.00 |
| Account No. xxxx4550  Enhanced Recovery Corp Attention: Client Services 8014 Bayberry Rd Jacksonville, FL 32256 | - | | Opened  9/01/10 CollectionAttorney Sprint | | | | 899.00 |
| Account No. xxxx6718  Enhanced Recovery Corp Attention: Client Services 8014 Bayberry Rd Jacksonville, FL 32256 | - | | Opened  2/01/11 CollectionAttorney At T | | | | 155.00 |
| Account No. xxxxxxxxxxxxx0001  Great Lakes Cr Un 2525 Green Bay Rd North Chicago, IL 60064 | - | | Opened  3/01/98 | | | | 218.00 |

| Sheet no. _4_ of _8_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | Subtotal (Total of this page) | 4,439.00 |
|---|---|---|---|

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                                    ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx5935<br><br>Hsbc Bank<br>Attn: Bankruptcy<br>Po Box 5213<br>Carol Stream, IL 60197 | - | | | Opened 11/14/07  Last Active  3/26/08<br>CreditCard | | | | 0.00 |
| Account No. xxxxxxxxxxxx5935<br><br>Hsbc Bank<br>Attn: Bankruptcy<br>Po Box 5213<br>Carol Stream, IL 60197 | - | | | Opened 11/14/07  Last Active  3/26/08<br>CreditCard | | | | 0.00 |
| Account No. xxxxxxxxx9003<br><br>Jefferson Capital<br>16 Mcleland Rd<br>Saint Cloud, MN 56303 | - | | | Opened  1/01/10<br>FactoringCompanyAccount Fingerhut Direct Mrkting | | | | 225.00 |
| Account No. xxx-xx-9929<br><br>Nicor<br>Po Box 0632<br>Aurora, IL 60507 | - | | | 12<br>Utility | | | | 1,508.00 |
| Account No. xxx-xx-9929<br><br>North Shore Gas<br>P O box A3991<br>Chicago, IL 60690 | - | | | 12<br>Utility | | | | 1,700.00 |

Sheet no. _5_ of _8_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,433.00

B6F (Official Form 6F) (12/07) - Cont.

In re     Clayton C Sherrod                                    ,     Case No. _____

_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxx3432 | | | | 04 City Of Zion | | | | |
| Palisades Collection Attn: Bankruptcy 3348 Ridge Rd Lansing, IL 60438 | - | | | | | | | 182.00 |
| Account No. xxx3432 | | | | 04 City Of Zion | | | | |
| Palisades Collection Attn: Bankruptcy 3348 Ridge Rd Lansing, IL 60438 | - | | | | | | | 182.00 |
| Account No. xxxxxxxx3180 | | | | Opened 2/01/10 Last Active 8/02/11 Agriculture | | | | |
| Peoples Gas Attention: Bankruptcy Department 130 E. Randolph Chicago, IL 60601 | | | | | | | | 761.00 |
| Account No. xxxxxxxxxxx5935 | | | | Opened 1/01/09 FactoringCompanyAccount Hsbc Card Services Iii Inc. | | | | |
| Portfolio Rc Attn: Bankruptcy Po Box 41067 Norfolk, VA 23541 | - | | | | | | | 481.00 |
| Account No. xxx-xx-9929 | | | | 12 Collection | | | | |
| South University 1400 Penn Ave. Pittsburgh, PA 15222 | - | | | | | | | 1,800.00 |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,406.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxx1273<br><br>Trident Asset Manageme<br>5755 Northpoint Pkwy Ste<br>Alpharetta, GA 30022 | - | | | Opened 5/01/08<br>ReturnedCheck Piggly Wigglyzion | | | | 150.00 |
| Account No. xxxxxxx1142<br><br>United Auto Credit Co<br>18191 Von Karman Suite 300<br>Irvine, CA 92612 | - | | | Opened 9/23/03 Last Active 10/17/03<br>Automobile | | | | 0.00 |
| Account No. xxxxx1172<br><br>United Auto Credit Co<br>18191 Von Karman Suite 300<br>Irvine, CA 92612 | - | | | Opened 10/01/03 Last Active 1/26/09<br>Automobile | | | | 0.00 |
| Account No. xxxxxxx1142<br><br>United Auto Credit Co<br>18191 Von Karman Suite 300<br>Irvine, CA 92612 | - | | | Opened 9/23/03 Last Active 10/17/03<br>Automobile | | | | 0.00 |
| Account No. xxxxx1172<br><br>United Auto Credit Co<br>18191 Von Karman Suite 300<br>Irvine, CA 92612 | - | | | Opened 10/01/03 Last Active 1/26/09<br>Automobile | | | | 0.00 |

Sheet no. __7__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

150.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Clayton C Sherrod                                         ,    Case No. _____
                                    _____
                                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxx9291<br><br>Us Dept Of Education<br>Attn: Borrowers Service Dept<br>Po Box 5609<br>Greenville, TX 75403 | - | | | Opened  4/21/10  Last Active  9/30/11<br>Educational | | | | 0.00 |
| Account No. xxxxxx9291<br><br>Us Dept Of Education<br>Attn: Borrowers Service Dept<br>Po Box 5609<br>Greenville, TX 75403 | - | | | Opened  4/21/10  Last Active  9/30/11<br>Educational | | | | 0.00 |
| Account No. xxxxxx8933<br><br>Uscb Corporation<br>101 Harrison St<br>Archbald, PA 18403 | - | | | Opened 11/01/09<br>CollectionAttorney Stratford Career Institute | | | | 629.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __8__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | 629.00 |
| | Total<br>(Report on Summary of Schedules) | 36,462.00 |

B6G (Official Form 6G) (12/07)

.

In re    Clayton C Sherrod                                                    ,    Case No. _____
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re   Clayton C Sherrod _____,    Case No. _____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

0
____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re    Clayton C Sherrod                                              Case No. _____
                                   Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Single | RELATIONSHIP(S):<br>Dependent<br>Dependent | AGE(S):<br>12<br>14 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Supervisor | |
| Name of Employer | Goodwill | |
| How long employed | 13 years | |
| Address of Employer | Navy Base<br>Great Lakes, IL 60088 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 4,093.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,093.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a.  Payroll taxes and social security | $ | 1,029.00 | $ | 0.00 |
|     b.  Insurance | $ | 286.00 | $ | 0.00 |
|     c.  Union dues | $ | 0.00 | $ | 0.00 |
|     d.  Other (Specify):    Child Support | $ | 587.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,902.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,191.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify): _____ | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify): _____ | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,191.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 2,191.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    Clayton C Sherrod                                                          Case No. _____
                                     Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,000.00 |
| a. Are real estate taxes included?          Yes ___          No  X | | |
| b. Is property insurance included?          Yes ___          No  X | | |
| 2. Utilities:       a. Electricity and heating fuel | $ | 150.00 |
| b. Water and sewer | $ | 25.00 |
| c. Telephone | $ | 0.00 |
| d. Other   Cell | $ | 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 75.00 |
| 6. Laundry and dry cleaning | $ | 80.00 |
| 7. Medical and dental expenses | $ | 20.00 |
| 8. Transportation (not including car payments) | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 70.00 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   See Detailed Expense Attachment | $ | 100.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,180.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,191.00 |
| b.    Average monthly expenses from Line 18 above | $ | 2,180.00 |
| c.    Monthly net income (a. minus b.) | $ | 11.00 |

B6J (Official Form 6J) (12/07)

In re    Clayton C Sherrod                                                           Case No. _____
                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

__Other Expenditures:__

| | | |
|---|---|---|
| Personal Grooming/Haircuts | $ | 25.00 |
| Auto Repairs/Maintenance | $ | 25.00 |
| Sundries | $ | 50.00 |
| **Total Other Expenditures** | $ | 100.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Clayton C Sherrod                                    Case No.
_____                     Chapter    7
                    Debtor(s)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    23
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   July 31, 2012                        Signature    /s/ Clayton C Sherrod
                                                          Clayton C Sherrod
                                                          Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Clayton C Sherrod     Case No. _____

            Debtor(s)     Chapter   7

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $44,723.00 | Employment Income - estimated 2010 |
| $48,833.00 | Employment Income - estimated 2011 |
| $24,559.00 | Employment Income - estimated 2012 year to date |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

2

### 3. Payments to creditors

None
■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Macey Bankruptcy Law<br>Sears Tower<br>233 S Wacker, Suite 5150<br>Chicago, IL 60606 | 2011 | $1280 Attorneys' Fees<br>$80.45 Service/Facilitation fees for products and services outlined below<br>$177.55 Reimbursable expenses for third-party products and services, which include: 3 Source Credit Report, Credit Counseling, Debtor Education Course, Tax Transcript Report, Automobile Loan Review, and Post-Discharge Dispute(s) of Consumer Liability Report<br>$306 Filing Fee |

4

## 10.  Other transfers

None
■
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

## 11.  Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13.  Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 3001 Emus Ave, Zion, IL | Clayton C Sherrod | 2003-2010 |
| 1919 Joppa, Zion, IL | Same | 5/10-5/12 |

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

---

**18 . Nature, location and name of business**

None ■    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

## 20. Inventories

None ■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21 . Current Partners, Officers, Directors and Shareholders

None ■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22 . Former partners, officers, directors and shareholders

None ■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23 . Withdrawals from a partnership or distributions by a corporation

None ■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   July 31, 2012                              Signature   /s/ Clayton C Sherrod

                                                              Clayton C Sherrod
                                                              Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re  Clayton C Sherrod

                                   Debtor(s)

Case No.
Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>-NONE- | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered            ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ☐ Claimed as Exempt            ☐ Not claimed as exempt

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  July 31, 2012              Signature   /s/ Clayton C Sherrod
                                                      Clayton C Sherrod
                                                        Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re   Clayton C Sherrod _____   Case No. _____
                                      Debtor(s)          Chapter      7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,280.00 |
| Prior to the filing of this statement I have received | $ | 1,280.00 |
| Balance Due | $ | 0.00 |

2.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        Negotiations with secured creditors to reduce to market value; exemption planning as needed.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        Representation in Adversary Proceedings.

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   July 31, 2012 _____          /s/ Jason Blust, Legal Helpers _____
                                                        Jason Blust, Legal Helpers #6276382
                                                        Macey Bankruptcy Law, P.C.
                                                        Sears Tower
                                                        233 S. Wacker Suite 5150
                                                        Chicago, IL 60606
                                                        (312) 467-0004  Fax: (312) 467-1832

---

# LEGAL HELPERS P.C. — MACEY & ALEMAN
## CONTRACT FOR BANKRUPTCY SERVICES
### adba LEGAL HELPERS, LLP, MACEY & ALEMAN

| ESTIMATED ASSET VALUE (EQUITY) | ESTIMATED SECURED DEBTS | NON-DISCHARGEABLE DEBTS |
|---|---|---|
| Real Prop. _____ | Mtg. Arrears _____ | Taxes _____ |
| Personal Prop. _____ | Mtg. Bal. _____ | Student Loans 40-50 |
| | 2d Mtg. Arrears _____ | Gov't Fines 600 |
| ESTIMATED UNSECURED DEBT | 2d Mtg. Bal. _____ | Child Support _____ |
| | Veh. #1 Bal. _____ | NSF _____ |
| 10K | Veh. #2 Bal. _____ | Other _____ |
| | Other Secureds _____ | |

**I.  PARTIES & PURPOSE:**  *This is an agreement for legal services entered into on the date shown below between Legal Helpers, P.C, a service of Macey & Aleman, or one of its wholly owned subsidiaries (hereinafter "MA") and the individual (or married couple) assigned to the record number indicated below (hereinafter "Client") relating to advice, counseling, and filing for bankruptcy relief. The contract is solely between MA, any assigns, heirs, or related entities that may be formed in the future and not any individual, partner, member, or employee of MA. MA is a debt relief agency and law firm that files bankruptcy cases on behalf of its clients.* **MA DOES NOT REPRESENT CLIENTS IN DEFENSE OF COLLECTION SUITS.**
**II.  CLIENT OBLIGATIONS:** *MA reserves the right to withdraw or terminate the representation in the event Client does not meet his/her obligations.*
•  **Active Participation and Communication.**  *Client agrees to actively participate and communicate with MA during the duration of the bankruptcy case.  This includes immediately providing updated contact information and any changes to Client's financial situation including, but not limited to, any state court hearing dates or foreclosure sale notices. Client agrees that MA is a* **group practice.** *Client agrees to utilize MA's call center and/or website for any and all inquiries regarding client's case. Client's signature on this Contract shall be authorization for MA to file a bankruptcy petition for Client via the Bankruptcy Court's electronic filing system and all other subsequent filings through the Bankruptcy Court's electronic filing system. Client agrees that the preferred method of receiving documents from MA is via first class mail. Client agrees that MA can contact Client at any reasonable time in MA's sole discretion via email, text message, telephone, or regular mail.*
•  **Payment of Attorney Fees and Costs/Arbitration.**  *Client agrees to pay all attorney fees and costs as disclosed herein in a timely manner and that fees and costs, as disclosed must be paid BEFORE the case is filed with the bankruptcy court. Client agrees that the fee is earned upon receipt for representation in either Chapter 7 or Chapter 13 Bankruptcy for basic legal services.  MA only represents Client and Client controls the representation even if the fee is paid by a third-party.  MA and Client expressly agree to resolve fee disputes via Arbitration.*

*The nonrefundable\* flat fee for representation in a* **Chapter 7** *case is $* 1,300 *.  This fee is a nonrefundable\* advance payment retainer.  In a Chapter 7 case, Client agrees to pay all fees and costs prior to the filing of the bankruptcy case with the bankruptcy clerk's office. Client acknowledges that Client will not have the protection of the Automatic Stay in Bankruptcy pursuant to 11 U.S.C. §362 until the bankruptcy case is filed.* **There may be additional fees charged by MA for delays** *caused by the Client, including Client's failure to pay fees in a timely manner, and failure to timely provide information and/or paperwork. Client expressly agrees that MA may deposit funds paid toward the flat fee in MA's operating account and will not hold them in a trust account.*

*The nonrefundable\* flat fee for representation in a* **Chapter 13** *case is $ _____ plus costs.  MA agrees to file the client's Chapter 13 case with the court for the payment of $ _____ and will seek payment of the balance from Client's Chapter 13 payments.  Client expressly agrees that the fee arrangement provides for an advance payment retainer.  In Chapter 13, it is presumed that half the total flat fee represents work to be performed pre-filing and the other half is presumed to represent work to be performed post-filing through confirmation (unless superseded by applicable local rule or standing order). Costs include, but are not limited to, postage and photocopying charges if applicable.  Any estimated chapter 13 monthly payment is* **subject to change.**
**In addition,** *there is a court filing fee totaling $* 299 **(subject to change without notice)** *and optional* **document retrieval and financial counseling facilitation** *as required by the bankruptcy code totaling $* 338 **(subject to change without notice).**
*Client expressly agrees to the advance payment retainer and not a security retainer and such arrangement is an express condition of MA's willingness to handle the case. Given the nature of bankruptcy practice, this arrangement reduces administrative expenses and keeps fees more affordable.  All fees paid are the property of the attorney and will be held in the attorney's operating account and are* **earned upon receipt,** *subject to reasonableness as described in Section IV. Advance payment of costs may be held in a safe deposit box, a locked safe, a trust account, or any other secure place in MA's sole discretion until incurred and used to reimburse MA for payment.*
*Client agrees to pay MA fees whether or not the bankruptcy case is successful. Client further agrees to pay $25 + any additional fees and costs incurred by MA as a result of dishonored or stopped payments. Failure to pay can result in MA in its sole discretion closing the file and terminating the attorney-client relationship (see Section V for termination provisions).  In the event Client's chapter 13 case is dismissed prior to full payment of attorney fees, Client agrees and expressly authorizes the Chapter 13 trustee to pay any balance of fees due under this agreement or any prior agreements directly to MA. Any balance is due and payable within 10 days of dismissal of the case and Client agrees that MA may retain counsel to collect any balances due and will be responsible for payment of any reasonable collection costs and fees, not less than $400. Conversion of the case from one chapter to another requires a new agreement and may result in additional attorney fees and court costs. Client authorizes the collection of any additional fees from the chapter 13 trustee (if applicable). Client expressly agrees that* **fees tendered to MA by personal check may be converted and processed by MA as ACH transactions.**

*Client further agrees that the above-described fees cover basic services and there are* **additional fees for non-basic services** *in addition to those disclosed above.  Non-basic services for which additional fees apply include, but are not limited to: Adversary proceedings pursuant to 11 U.S.C. §523 or §727, motions to dismiss for client's failure to attend court hearings or failure to provide requested documentation, actions to enforce the automatic stay pursuant to 11 U.S.C. §362, actions to enforce the discharge injunction, Rule 2004 Examinations, depositions, interrogatories or other discovery proceedings, contested objections to confirmation of a Chapter 13 plan, amended creditor schedules (typically $150 + $26 filing fee, subject to change), amended asset and/or income/expense schedules due to Client's failure to provide full disclosure, document retrieval services, facilitation of credit counseling and/or financial management courses, post-discharge services, appraisal services, contested matters, rescheduled §341 meetings because of Client's failure to appear at a scheduled meeting (typically $150), motions to avoid liens (typically $250 per motion), and motions for redemption pursuant to 11 U.S.C. §722 (typically $600), conversion of a case from one chapter to another (requires an additional in-person meeting and results in additional fees and costs as determined by MA, in its sole discretion), or proceedings to reopen a closed case for any reason. MA agrees to pursue third parties who may be liable for payment of fees, but failure of MA to collect from third parties does not relieve Client of responsibility for payment. Client agrees that non-basic services are billed at the firm's customary hourly rate as described in Section V. Billable hourly rates are subject to change. Some non-basic services may be provided at a flat fee rate, as indicated or agreed between the parties.*
•  **Full Disclosure.**  *Client agrees to truthfully, completely and accurately disclose* **all** *assets and their value, liabilities and their amount, income, and expenses to MA and on any and all bankruptcy paperwork. In addition, client agrees to accurately answer any and all questions posed by MA and/or a counselor or agent of the United States Trustee or as otherwise provided by law.*
•  **Provide Documentation & Follow Instructions.**  *Client agrees to provide any and all documentation requested by MA in a timely and organized*

manner. Client expressly acknowledges and agrees that MA has duties to the Court that require MA to reasonably seek documentary evidence that supports Client's factual contentions before MA can sign off and file Bankruptcy paperwork with the clerk's office. Such documentation includes, but is not limited to: pay advices for the six month time period before the filing of the Bankruptcy case. Client acknowledges that since the case is not filed immediately upon the signing of this contract that the six month time period changes as time passes and client pays fees, costs, and gets documents together), tax returns, property appraisals, recorded deeds (if applicable), recorded mortgages (if applicable), spouse's pay advices, and any other relevant information directly or indirectly related to the client's financial condition. Client further agrees that he/she will read and follow the Instructions provided to Client and incorporated by reference and made a part of this Contract for services.

**III. LAW FIRM OBLIGATIONS:**
• **Use Best Efforts:** In consideration for Client's obligations as stated in Section III, MA agrees to use its best efforts to obtain a satisfactory result for Client by providing basic legal services in connection with a bankruptcy case on an efficient and cost-effective basis. Client expressly agrees that MA **makes no guarantee regarding the outcome of the bankruptcy case**, including but not limited to, successful discharge of debt, the amount of a chapter 13 plan payment, and/or whether or not MA can successfully reduce the balance of secured liens. MA offers its advice based on the information as disclosed by Client and Client agrees that MA is not responsible and assumes no liability for changes in the law, changes in Client's financial situation, and/or facts as revealed after review of documentation that could affect in any way any advice MA gives Client.
• **Staffing:** MA structures its practice as a **group practice**. MA does not guarantee any minimum level of participation in a case by any individual employee, member, attorney, paralegal, or partner of the firm. MA agrees to assign qualified personnel, in its sole discretion, to various aspects of the case pursuant to its group practice and in compliance with all applicable rules of professional conduct. MA expects to perform the bulk of the work, but reserves the right to utilize other attorneys, paralegals, and litigation/clerical assistants where appropriate. In addition, Client authorizes LH, at its discretion, to have attorneys within the firm, or outside counsel, review client's file to explore other potential causes of action client may have against creditors.
• **Provide Basic Bankruptcy Services:** MA, in consideration for Client's obligations as stated in Section III, agrees to provide basic legal services as required to file either a Chapter 7 or Chapter 13 Bankruptcy case, the Chapter determined as mutually agreed and indicated below. Basic legal services include, but are not limited to: pre-filing verification of bankruptcy representation; post-filing and pre-discharge contact with creditors; pre-filing advice and counsel to Client; advice during the case concerning the nature and effect of the applicable bankruptcy rules; exemption advice and planning; preparation and filing of a bankruptcy petition; preparation and filing of schedules and statements as required by bankruptcy statutes, rules, local rules, and any applicable standing orders of courts of competent jurisdiction; representation at the meeting of creditors pursuant to §341 of the Bankruptcy Code; representation at any confirmation hearings pursuant to §1324 (if applicable); and other basic services. Other basic services may include settling valuation disputes prior to confirmation in Chapter 13; submitting information pursuant to requests from the trustee, including submitting information in response to case audits requested by the United States Trustee; negotiation and counsel in relation to reaffirmation agreements pursuant to 11 U.S.C. §524; and other regular and routine services not specifically stated, including services included pursuant to applicable local rules and/or standing orders of court. Client expressly agrees that in Chapter 7, MA will not file the bankruptcy petition and schedules with the court until all fees and costs have been paid in full. In Chapter 13, MA will not file the bankruptcy petition and schedules with the court until the agreed pre-filing portion of the fees and all costs have been paid in full. In addition, MA will not file the bankruptcy case with the court until all required documentation has been provided, all required documents are timely signed, reviewed, verified, and correct.

**\*IV. TERMINATION OF SERVICES (Refund Policy):** Even though this fee agreement provides for a nonrefundable flat fee for bankruptcy services and all fees are earned upon receipt, Client is entitled to terminate services at any time. MA can terminate services for failure of Client to fulfill any of Client's contractual obligations as identified in Section III of this agreement. In either event, Client may be entitled to a refund of part of the nonrefundable fee based upon reasonableness. MA will determine what is reasonable based on the time spent on Client's matter. Termination of services by Client must be in writing. Client expressly agrees that the manner of the accounting is as follows: 1) time spent shall be calculated in tenths of an hour and rounded up to the next tenth of an hour increment, 2) attorney time shall be calculated at $250 per hour for associates, $350 per hour for senior associates (5 years of practice or more), and $450 per hour for partners. Non-attorney professional time will be calculated at $75 per hour. These hourly charges are subject to periodic review and revision without notice. Any refund MA determines is fair will be sent to Client at Client's last known address within a reasonable amount of time. In the event Client is deceased or incapacitated, or if the fee was paid by a third party, refunds, if any, are the property of the Client and will only be released to the Client or an authorized representative of the Client's estate. In the event Client terminates services after a bankruptcy case has been filed, MA is given a reasonable time to file withdrawal and/or substitution of counsel documents with the clerk of court. The parties expressly agree that MA reserves the right to enforce a previous award of fees and to seek payment of any outstanding balance of legal fees. The parties expressly agree that MA's representation automatically terminates upon discharge of a no asset chapter 7 or upon the closing of the case by the Clerk of Court, whichever is later. Client expressly agrees that MA is authorized to contact Client in the future, even after the conclusion of the case via mail, telephone, electronic mail or text message regarding any future MA products and/or services.

**V. LIMITED POWER OF ATTORNEY:** Client expressly agrees that signature on this contract grants MA a Limited Power of Attorney for the purposes of carrying out the bankruptcy representation. Such power includes, but is not limited to, the power to obtain Client's tax returns or transcripts from either the IRS or any person or entity consulted in regards to tax preparation; the ability to obtain information and discuss Client's situation with any of Client's secured creditors; and in the event the bankruptcy is dismissed or converted prior to completion, MA may apply funds on hand with the Chapter 13 trustee that would otherwise be forwarded to Client towards the balance owed MA, if any, and/or the Chapter 7 fee, if applicable, by granting MA the right to endorse Client's name upon checks from the trustee. MA will provide an accounting of all funds received from the trustee and applied.

**VI. RETENTION AND DISPOSITION OF RECORDS:** MA will retain records as required by applicable law in your state, generally at least (5) years. MA reserves the right to store records electronically. MA encourages Client to keep and maintain copies of all bankruptcy related matters. Client may request a copy of the file by sending a written request. MA reserves the right to charge a reasonable retrieval and duplication fee of at least $35.

**VII. RECEIPT OF MANDATORY NOTICE AND DISCLOSURE:** The Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 requires MA to provide mandatory notices/disclosures to Client. Your signature on this contract is an acknowledgement that Client has received, read and understood the two (2) separate documents entitled "§527(a) Notice," and "Important Information About Bankruptcy Assistance Services From an Attorney or Bankruptcy Petition Preparer."

**VIII. ENTIRE AGREEMENT:** The entire contract between the Parties is contained in this instrument. Parties agree to all of the terms and conditions set forth herein and acknowledge that they have read and understand this Agreement. In the event Client is filing a case in a jurisdiction where the local bankruptcy court has adopted any rule, procedure or general order regarding the relationship between the Attorney and the Client, then such rule, procedure, Court Order, or "Model Retention Agreement" and its corresponding rights and obligations is specifically incorporated by reference into this Agreement and made a part hereof. The signature on this document serves as an acknowledgement and agreement by Client that Client has been informed of such a rule, procedure, Order, or "Model Retention Agreement" and has agreed to be bound by its additional terms and conditions.

**IX. SEVERABILITY:** In the event any provision of this agreement is found to be unenforceable for any reason by a court of competent jurisdiction, only the offending clause shall be stricken from the agreement and the remainder of the agreement shall remain in full force and effect.

**I/We hereby agree to and acknowledge all of the terms above and I/we retain MA to file a bankruptcy under:**

**CHAPTER 7 / CHAPTER 13** (circle one)

X _____   DATE 5-9-11          RECORD # _____
    Debtor

                                                                 BY: _____

X _____   DATE _____          Attorney on behalf of MA
    Joint Debtor

## PRODUCTS FEE DISCLOSURE & WARRANTY DISCLAIMER

| Packages | Legal Helpers/M&A Cost | Document Retrieval and Facilitation Fee | Additional Attorney Fee | Total Cost to Client |
|---|---|---|---|---|
| **Single-filer with no real estate package includes:**<br>1. Pre-filing credit counseling<br>2. Post-filing debtor education course<br>3. 3 Source Credit Report/12 mos. Credit Monitoring*<br>4. Tax Transcript Report (up to 4 years)<br>5. Automobile Loan Review<br>6. Up to 2 Automobile Valuations<br>7. Post-Discharge Budget Coaching & Identity theft monitoring by CLC<br>8. Post-Discharge Review of Consumer Liability Reports<br>9. Post Filing Tax Advice Hotline access (entitles you to 1 $50 tax return) | $177.55 | $80.45 | $80.00 | $338.00*** |
| **Single-filer with real estate package includes:**<br>1. Pre-filing credit counseling<br>2. Post-filing debtor education course<br>3. Lien Search Title Report for real estate<br>4. Automated Real Estate Property Valuation<br>5. 3 Source Credit Report/12 mos. Credit Monitoring*<br>6. Tax Transcript Report (up to 4 years)<br>7. Automobile Loan Review<br>8. Up to 2 Automobile Valuations<br>9. Post-Discharge Budget Coaching & Identity theft monitoring by CLC<br>10. Post-Discharge Review of Consumer Liability Reports<br>11. Post Filing Tax Advice Hotline access (entitles you to 1 $50 tax return) | $238.55 | $80.45 | $80.00 | $399.00*** |
| **Joint filer with no real estate package includes:**<br>1. Pre-filing credit counseling<br>2. Post-filing debtor education course<br>3. 3 Source Joint Credit Report/12 mos. Credit Monitoring*<br>4. Tax Transcript Report (up to 4 years)<br>5. Automobile Loan Review<br>6. Up to 2 Automobile Valuations<br>7. Post-Discharge Budget Coaching & Identity theft monitoring by CLC<br>8. Post-Discharge Review of Consumer Liability Reports<br>9. Post Filing Tax Advice Hotline access (entitles you to 1 $50 tax return) | $197.55 | $80.45 | $80.00 | $358.00*** |
| **Joint filer with real estate package includes:**<br>1. Pre-filing credit counseling<br>2. Post-filing debtor education course<br>3. Lien Search Title Report for real estate<br>4. Automated Real Estate Property Valuation<br>5. 3 Source Joint Credit Report/12 mos. Credit Monitoring*<br>6. Tax Transcript Report (up to 4 years)<br>7. Automobile Loan Review<br>8. Up to 2 Automobile Valuations<br>9. Post-Discharge Budget Coaching & Identity theft monitoring by CLC<br>10. Post-Discharge Review of Consumer Liability Reports<br>11. Post Filing Tax Advice Hotline access (entitles you to 1 $50 tax return) | $258.55 | $80.45 | $80.00 | $419.00*** |

### Additional Services Not Included in Packages

| | | | |
|---|---|---|---|
| Legal Vesting Title Report for real estate | $20.00 | $10.00 | $30.00 |
| Broker Price Opinion for real estate** | $85.00 | $15.00 | $100.00 |

*Credit Reports: Warning: On June 4, 2004, a new federal law went into effect that prevents credit reporting bureaus from listing the names of medical providers on credit reports. Thus, if you are expecting to get a credit report to obtain the names of any medical providers, it won't work! The credit reporting bureau will list a collection agent. But, you will have to contact the collection agent directly to get the provider's information. Legal Helpers/Macey and Aleman will not be responsible for any omission of such creditors or the costs involved in adding creditors or amending a bankruptcy as a result of this new legislation. **Broker Price Opinions: Broker price opinions are obtained by a real estate professional familiar with the real estate market where your property(s) exist(s). They may or may not need to perform a physical inspection of the property(s). Broker price opinions are not included in package pricing and are available on an as needed basis to keep your costs as low as possible. The extra cost should this service be needed is disclosed. ***Prices are subject to change without notice. Costs by vendor are also subject to change without notice. In the event costs change, Legal Helpers will use its best efforts to retain the original package pricing to avoid inconvenience to the client. This may change the amount of the handling/processing fee retained by the law firm. Costs are non-refundable once the package is ordered on your behalf by the law firm. Handling/Processing fee (if applicable) is refundable up to a maximum of $101.65 depending on how much of the package has been received by the law firm.

**DISCLAIMER OF WARRANTIES:** YOU EXPRESSLY UNDERSTAND AND AGREE THAT: ANY INFORMATION OBTAINED ON YOUR BEHALF IS AT YOUR SOLE RISK. ALL INFORMATION OBTAINED ON YOUR BEHALF IS PROVIDED SOLELY ON AN "AS-IS/AS-AVAILABLE" BASIS. TO THE EXTENT PERMITTED BY APPLICABLE LAW, LEGAL HELPERS EXPRESSLY DISCLAIMS ALL WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES AND CONDITIONS OF MERCHANTABILITY, SATISFACTORY QUALITY, FITNESS FOR A PARTICULAR PURPOSE OR USE AND NON-INFRINGEMENT.

WITHOUT LIMITING THE ABOVE PARAGRAPH, LEGAL HELPERS MAKES NO REPRESENTATION OR WARRANTY THAT (i) THE CONTENT AND SERVICE OBTAINED WILL MEET YOUR REQUIREMENTS, (ii) THE RESULTS THAT MAY BE OBTAINED FROM THE INFORMATION PROVIDED WILL BE ACCURATE OR RELIABLE, OR (iii) THE QUALITY OF ANY PRODUCTS, SERVICES, INFORMATION, OR MATERIAL PURCHASED OR OBTAINED BY YOU THROUGH LEGAL HELPERS IS ACCURATE OR WILL MEET YOUR EXPECTATIONS. LEGAL HELPERS DOES NOT GUARANTY THE ACCURACY OR COMPLETENESS OF ANY INFORMATION OBTAINED. NO WRITTEN OR ORAL INFORMATION OBTAINED BY YOU FROM US OR THROUGH US SHALL CREATE ANY WARRANTY NOT EXPRESSLY STATED HEREIN.

I, _____ and _____ do hereby acknowledge that all costs and fees associated with Legal Helpers obtaining the above described products on my behalf have been disclosed to me. I further expressly agree to the Disclaimer of Warranties.

Signed _____   Date: _____   Signed _____

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  Clayton C Sherrod                                                       Case No.
                                     Debtor(s)     Chapter     7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

      I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Clayton C Sherrod                              X   /s/ Clayton C Sherrod             July 31, 2012
Printed Name(s) of Debtor(s)                    Signature of Debtor               Date

Case No. (if known)                                  X
                                             Signature of Joint Debtor (if any)       Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re  Clayton C Sherrod _____  Case No. _____

_____ Debtor(s)  Chapter  7 _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ 29

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  July 31, 2012 _____  /s/ Clayton C Sherrod _____
Clayton C Sherrod
Signature of Debtor

Aaron Sales & Lease Ow
1015 Cobb Place Blvd Nw
Kennesaw, GA 30144


American Honda Finance
Po Box 168088
Irving, TX 75016


Amo Recoveries
Po Box 926100
Norcross, GA 30010


Baxter Ecu/BCU
Attention: Collections
Po Box 1833
Vernon Hills, IL 60061


Baxter Emply Cr Union
340 N Milwaukee Av
Vernon Hills, IL 60061


Capio Partners Llc
2222 Texoma Pkwy Ste 150
Sherman, TX 75090


Chela/Sallie Mae
Attn: Claims Department
Po Box 9500
Wilkes-Barre, PA 18773


City of Kenosha
652 52nd St.
Kenosha, WI 53140


City of Zion
2828 Sheridan Rd.
Zion, IL 60099


ComEd
Bill Payment Center
Chicago, IL 60668

Crd Prt Asso
Attn: Bankruptcy
Po Box 802068
Dallas, TX 75380


Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007


Dependon Collection Se
Attn: Bankruptcy
Po Box 4833
Oak Brook, IL 60523


Dept Of Ed/sallie Mae
Po Box 9635
Wilkes Barre, PA 18773


Edward Grossos
1919 Joppa
Zion, IL 60099


Enhanced Recovery Corp
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL 32256


Great Lakes Cr Un
2525 Green Bay Rd
North Chicago, IL 60064


Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197


Jefferson Capital
16 Mcleland Rd
Saint Cloud, MN 56303


Nicor
Po Box 0632
Aurora, IL 60507

North Shore Gas
P O box A3991
Chicago, IL 60690


Palisades Collection
Attn: Bankruptcy
3348 Ridge Rd
Lansing, IL 60438


Peoples Gas
Attention: Bankruptcy Department
130 E. Randolph
Chicago, IL 60601


Portfolio Rc
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541


South University
1400 Penn Ave.
Pittsburgh, PA 15222


Trident Asset Manageme
5755 Northpoint Pkwy Ste
Alpharetta, GA 30022


United Auto Credit Co
18191 Von Karman Suite 300
Irvine, CA 92612


Us Dept Of Education
Attn: Borrowers Service Dept
Po Box 5609
Greenville, TX 75403


Uscb Corporation
101 Harrison St
Archbald, PA 18403